UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS HUYCK,

                Plaintiff,

v.                                        Case No. 23-cv-707-pp

RICHARD PATTEN,

                Defendant.

**ORDER REOPENING CASE, GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

On August 2, 2023, the court ordered that by October 13, 2023, plaintiff Travis Huyck must either pay the $37.83 initial partial filing fee or file a letter requesting more time to do so, or his case would remain closed. Dkt. No. 14. The court received that fee on August 29, 2023. The court will reopen the case. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

The court first ordered the plaintiff to pay an initial partial filing fee of $37.83 on June 14, 2023. Dkt. No. 6. The plaintiff did not pay that fee by the initial July 5, 2023 deadline, and the court dismissed this case. Dkt. No. 9. The court extended the plaintiff's time to pay the initial partial filing fee, dkt. no. 14, and the court received the fee on August 29, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II. Screening the Complaint**

A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

2

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The complaint names Sergeant Richard Patten as the defendant. Dkt. No. 1 at 1. The plaintiff says the defendant worked at Dodge Correctional Institution, where the plaintiff previously was incarcerated in the segregation unit. Id. at 2–3.

The plaintiff alleges that from February 23 through March 7, 2023, the defendant refused to "restet [*sic*] [his] water on 3rd shift for 9 day's and refused [him] toilet paper." Id. at 2. (The court infers that the plaintiff meant to allege that the defendant refused to *reset* or *restart* his water.) The plaintiff alleges that this occurred from 10:00 p.m. until 6:00 a.m. each day. Id. The plaintiff says the defendant told him he lives six blocks from the plaintiff, whom he called "a town drunk." Id. at 3. The plaintiff opines that the defendant is "suppose[d] to wear a body camera but never did," but he also says that he

"recall[s] him wearing one." Id. The plaintiff says he does not know the defendant and had not seen him before in Waupun, where they both live. Id. He surmises that the defendant "dislikes prisoners." Id.

The plaintiff seeks $270,000 in damages for the nine days he spent "w/out water to flush [the] toilet or wash [his] hands [and] no toilet paper to use the bathroom." Id. at 4. He says his conditions were "[v]ery unsanitary [and] cruel [and] unusual punishment." Id.

C. Analysis

The plaintiff does not specify whether he had been convicted or was a pretrial detainee at the time of the incident. The docket from the plaintiff's most recent state court case shows that on January 10, 2023, the state court accepted his guilty plea and sentenced him to eighteen months' imprisonment. State of Wisconsin vs. Travis L. Huyck, https://wcca.wicourts.gov/ (Rock County Case Number 2017CF000651). The Wisconsin Department of Corrections website shows that on January 18, 2023, the plaintiff was transferred from Rock County Jail to Dodge. See https://appsdoc.wi.gov/lop/details/detail (DOC #698877). The plaintiff had been convicted by the time of the incident he describes in the complaint.

Because the plaintiff was a convicted person at the time of the alleged events, the court analyzes his allegations regarding the conditions of his confinement under the Eighth Amendment. Under the Eighth Amendment, a state may not subject incarcerated persons "to conditions of confinement amounting to cruel and unusual punishment." Giles v. Godinez, 914 F.3d 1040, 1051 (7th Cir. 2019) (citing Rhodes v. Chapman, 452 U.S. 337, 345–47 (1981)). The Supreme Court has clarified, however, that only "extreme deprivations" will amount to cruel and unusual conditions of confinement. Id.

4
Case 2:23-cv-00707-PP   Filed 09/15/23   Page 4 of 8   Document 16

(citing Hudson v. McMillian, 503 U.S. 1, 9 (1992)). The court must judge the alleged conditions "in accordance with contemporary standards of decency." Id. (citing Hudson, 503 U.S. at 8, and Rhodes, 452 U.S. at 346).

An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In the context of a conditions-of-confinement claim, a prisoner must show that he has been deprived of "'the minimal civilized measure of life's necessities.'" Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes, 452 U.S. at 347). The subjective component requires an incarcerated person to demonstrate that prison officials acted with the requisite intent, that is, that the officials acted with "deliberate indifference" to a substantial risk that the incarcerated person would suffer serious harm. Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303.

Determining whether the alleged conditions constitute cruel and unusual punishment is fact intensive. Cases in this court and the Seventh Circuit have concluded that allegations like the plaintiff's both did and did not state a violation of the Eighth Amendment. See Lindell v. Pollard, 558 F. Supp. 3d 734, 751–52 (E.D. Wis. Sept. 3, 2021) (citing cases). Courts consider various factors in determining whether the allegations state a claim, including "the length of time the plaintiff was exposed, the issue of whether the plaintiff himself caused the condition, the plaintiff's ability to address the condition himself, and other factors." See Oswald v. Manlove, No. 16-cv-991-pp, 2019 WL 464135, at *11–12 (E.D. Wis. Feb. 6, 2019) (discussing cases).

The plaintiff alleges that for nine days, the defendant turned off the plaintiff's water, or refused to turn it back on, for eight hours overnight—from 10:00 p.m. until 6:00 a.m. The plaintiff says he was unable to wash his hands or use his toilet during those hours. He says the defendant also did not provide

him toilet paper. He alleges that the defendant called him "a town drunk" in Waupun, where both he and the plaintiff live. These allegations suggest that the plaintiff was not entirely without running water; he had no running water only overnight. Nor does he allege that he was exposed to human waste, as often is alleged in complaints about similar conditions of confinement. See, *e.g.*, Thomas v. McCoy, No. 17 C 6386, 2020 WL 247464, at *5 (N.D. Ill. Jan. 16, 2020) (citing cases).

The court nonetheless concludes that the complaint sufficiently states a deprivation of "the minimal civilized measure of life's necessities." The plaintiff's complaint focuses on the lack of running water and toilet paper rather than on his exposure to foul conditions. The court infers that not having toilet paper or running water, even if only overnight, could expose the plaintiff to human waste and other unsanitary conditions, as the plaintiff alleges he faced. This court has noted the long-established proposition in this Circuit "that 'exposure to human waste, even for 36 hours, would constitute sufficiently serious deprivation to violate Eighth Amendment.'" Oswald, 2019 WL 464135, at *11 (quoting Vinning-El v. Long, 482 F.3d 923, 924 (7th Cir. 2007)). The plaintiff also alleges that the defendant deprived him of water and toilet paper in part or in whole because the plaintiff is the "town drunk" in Waupun. That allegation suggests the defendant acted intentionally to deprive the plaintiff of water and toilet paper. These allegations say enough for the plaintiff to proceed on a claim under the Eighth Amendment.

### III. Conclusion

The court **ORDERS** that this case is **REOPENED**.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant Richard Patten at Dodge Correctional Institution. Under the informal service agreement, the court **ORDERS** the defendant to respond to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$312.17** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Green Bay Correctional Institution.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and completing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 15th day of September, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**